**Joginder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–75105.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed May 9, 2008.

Hardeep S. Rai, Phuong N. Le, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Lance L. Jolley, Terri Jane Scadron, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, NOONAN and CALLAHAN, Circuit Judges.

MEMORANDUM *

Joginder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order upholding an Immigration Judge's determination that no extraordinary or changed circumstances excused his failure to file his asylum application within a year, and that he was not entitled to withholding of removal or relief under the Convention Against Torture ("CAT"). We dismiss his petition in part, grant his petition in part, and remand.

The parties are familiar with the facts, so we do not recount them. Joginder Singh did not produce evidence of extraordinary or changed circumstances to excuse his failure to file an asylum application within one year; therefore, we lack jurisdiction to review his asylum claim and dismiss that portion of his petition. 8 C.F.R. §§ 208.4(a)(4) and 208.4(a)(5). The government requested a remand for the BIA and the IJ to clarify ambiguous rulings by the BIA and the IJ. Based on this record, we cannot adequately discern the precise theory upon which the IJ and the BIA denied Joginder Singh's claims for withholding of removal and relief under the CAT. Therefore, we grant the petition in part and remand for the BIA to either remand the matter to the IJ to conduct a "full and fair" inquiry into Singh's credibility and issue a legally sufficient credibility determination, or accept Singh's testimony as true and determine whether he has met his burden of proof for withholding of removal or relief under the CAT. See Singh v. Gonzales, 491 F.3d 1019, 1027 (9th Cir. 2007).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION DISMISSED IN PART, GRANTED IN PART AND REMANDED.

